SABERS, Retired Justice
(concurring in part, dissenting in part).
[¶ 47.] I respectfully dissent regarding the issue of breach of fiduciary duty. The facts taken in the light most favorable to the nonmoving party, in this case the Dykstras, demonstrate a genuine issue of material fact regarding whether Fett breached his fiduciary duty to the Dyks-tras by misrepresenting that he filed an FSA application on their behalf. Therefore, summary judgment was improper in this regard.
[¶ 48.] To support its motion for summary judgment, the Bank provided a statement of undisputed material facts, which provided in pertinent part: “Fett had worked with the Dykstras toward submitting an application for a Farm Services *501 Agency guarantee, but the FSA officer on preliminary review of the financial information told Fett that the FSA could not grant the application for a guarantee because of the lack of a favorable cash flow.” The Dykstras disputed this statement in their response: “Fett clearly lied about submitting an application for a guaranteed loan to the [FSA]. Fett represented to Plaintiffs’ counsel and testified at deposition that he had unsuccessfully tried to get an FSA guaranteed loan. However, Fett admitted at his deposition that he did not submit an application to FSA for or on behalf of either of the Dykstras.” The trial court had notice of this dispute when it concluded as a matter of law that summary judgment was proper because “[t]here are no facts to indicate that the bank created a belief in [the Dykstras’] that it had placed the [Dykstras’] interests above its own.” I disagree.
[¶ 49.] Under very similar facts, this Court previously affirmed a trial court’s finding that a fiduciary duty existed between the customer and bank. In Brandriet v. Norwest Bank, 499 N.W.2d 613 (S.D.1993), a bank official misrepresented to the customer that his application for a Veterans Administration (VA) loan was rejected by the VA because of insufficient income. In fact, the application had never been forwarded to the VA. On appeal, this Court observed that the “Brandriets placed their trust and confidence in Nor-west to process the VA loan; Norwest officials were supposed to be acting with the Brandriets’ interest in mind. Where such an exchange of trust and action exists, a confidential relation also exists.” Id. at 618 (citing Schwartzle v. Dale, 74 S.D. 467, 471, 54 N.W.2d 361, 363 (1952)).
[¶ 50.] Viewing the substantially similar facts of this case in the light most favorable to the Dykstras, Fett exploited the faith, confidence and trust placed in him by the Dykstras. Under this same light, it could be concluded that Fett failed to act with the Dykstras’ interest in mind. Whether this amounted to a breach of fiduciary duty should not have been dismissed by summary judgment as it depicts a genuine dispute of material fact. For these reasons, I dissent as to this issue.